**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTERNATIONAL LABOR RIGHTS FORUM d/b/a GLOBAL LABOR JUSTICE-INTERNATIONAL LABOR RIGHTS FORUM, 1634 I Street, NW, Suite 1000, Washington, D.C. 20006, <br><br><br> Plaintiff, <br><br> v. <br><br><br> BUMBLE BEE FOODS, LLC, 280 10th Avenue, San Diego, CA 92101, <br><br><br> Defendant. | **Civil Action No. 1:22-cv-01220** <br><br> Judge Dabney L. Friedrich |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**AND FOR FEES AND COSTS**

**Table of Contents**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

    I.     Bumble Bee's Removal Motion Disregards the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public. ......................................................................................................................... 3

    II.    Even Apart From Contravening Settled Precedent, Defendant's Removal Arguments Are Impermissibly Speculative. ...................................................................................................... 9

    III.   This District Has Held, Repeatedly, That a Private-Attorney-General CPPA Action Is Not a Class Action For the Purpose of CAFA Jurisdiction. ........................................................... 10

    IV.   Plaintiff Is Entitled to Fees and Costs Associated With This Remand. ............................ 15

CONCLUSION .................................................................................................................... 17

**Table of Authorities**

**Cases**

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37 (D.D.C. 1999) (Lamberth, J.) .................................................................................................................... 8

*Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53 (D.D.C. 2017) (Kollar-Kotelly, J.) ................................................................................................................ 5, 6, 7

*Animal Legal Defense Fund v. Hormel Foods Corp.*, 258 A.3d 174 (D.C.C. 2021) (Deahl, J.). 10

*Ballard v. District of Columbia*, 813 F. Supp. 2d 34 (D.D.C. 2011) (Roberts, J.) ...................... 3

*Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014) .................................. 12, 13

*Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032 (D.D.C. Mar. 22, 2021) ........................................................................................ 4, 6, 7, 8

*Breakman v. AOL LLC*, 545 F. Supp. 2d 96 (D.D.C. 2008) (Bates, J.) ............................... 5, 6, 13

*Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017) (Huvelle, J.) 5

*Burton v. Coburn*, No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243 (D.D.C. Mar. 16, 2005)... 16

*Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49 (D.D.C. 2012) (Urbina, J.) ................................. 3

*Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488 ............................................................................................................... 8

*Earth Island Inst. v. BlueTriton Brands*, No. 21-cv-2659 (JEB), 2022 U.S. Dist. LEXIS 15168 (D.D.C. Jan. 27, 2022) ........................................................................................... 4

*Earth Island Inst. v. Coca-Cola Co.*, No. 21-cv-1926 (PLF), 2022 U.S. Dist. LEXIS 53414 (D.D.C. Mar. 24, 2022) ................................................................................... 4, 6, 8

*Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073 (D.D.C. Feb. 18, 2020) ....................................................................................................... 10

*Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232 (D.D.C. Mar. 5, 2020): ..................................................................................... 4

*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007) ..................................... 3

*Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr. 1, 2019) ......................................................................................................... 4, 13, 14

*Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25 (D.D.C. 2009) (Hogan, J.) ................... 3

*In re Exxon Mobil Corp.*, No. 21-8001, 2021 U.S. App. LEXIS 12320 (D.C. Cir. Apr. 19, 2021) ....................................................................................................................... 15

*Inst. for Truth in Mktg v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) (Jackson, J.) ............................................................................................................. 4, 10

*Institute for Truth in Marketing v. Total Health Network Corp.*, 321 F. Supp. 3d 76 (D.D.C. 2018) (Jackson, J.) ................................................................................................ 4, 10

*Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175 (D.D.C. 2003) (Urbina, J.) ................ 17

*Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1058 (8th Cir. 2003) (Loken, J.) ..................................... 6

*Margolis v. U-Haul Int'l, Inc.*, No. 2007 CA 005245 B, 2009 D.C. Super. LEXIS 8 (Dec. 17, 2009) ........................................................................................................................ 14

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) ................................................................ 15

*Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64 (D.D.C. 2014) (Lamberth, J.) .................................................................................................................. 6, 7, 11, 12

*Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014) (Huvelle, J.) ....................................................................................................................... 12, 13

*Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132 (D.D.C. 2010) (Kennedy, J.). 6, 8

*Nat'l Welfare Rights Org. v. Weinberger*, 377 F. Supp. 861 (D.D.C. 1974) (Pratt, J.) .................. 8

*National Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014) (Huvelle, J.) ................................................................................................................. 12, 13

*Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74 (D.D.C. 2016) (Cooper, J.) .................................................................................................. 5

*Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) (Walton, J.): ................................................................................................................... 5

*Organic Consumers Ass'n v. Smithfield Foods, Inc.*, No. 2020 CA 2566 B (FYP), 2020 D.C. Super. LEXIS 28 (Dec. 14, 2020) .................................................................................... 9

*Organic Consumers Association v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74 (2016) (Cooper, J.) ............................................................................................ 5, 6

*Organic Consumers Association v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344 (D.D.C. 2018) (Walton, J.) .......................................................................................................... 5

*Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208 (2d Cir. 2013) ........................................... 12, 13

*Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1 (D.D.C. 2004) (Robertson, J.) ....................... 8

*Rotunda v. Mariott Int'l, Inc.*, 123 A.3d 980 (D.C. 2015) .................................................. 14

*Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478 (D.D.C. Mar. 31, 2017) ....................................................................................................... 5, 14

*Snyder v. Harris*, 394 U.S. 332 (1969) ........................................................................... 3

*Stein v. Am. Exp. Travel Related Servs.*, 813 F. Supp. 2d 69 (D.D.C. 2011) (Kessler, J.) ........... 15

*Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 46 (D.D.C. 2020) (Friedrich, J.).. 2, 4, 8, 11

*W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169 (4th Cir. 2011) ............. 12, 13

*Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150 (D.D.C. 2007) (Kessler, J.) .................... 10

*Williams v. Purdue Pharma Co.*, Civ. No. 02-0556 (RMC), 2003 WL 24259557 (D.D.C. Feb. 27, 2003) ........................................................................................................................ 8

*Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1 (D.D.C. 2015) (Huvelle, J) ....................... 5

*Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006) .................................................................................... 7

*Zahn v. International Paper Corp.*, 414 U.S. 291 (1973) ..................................................... 5

*Zuckman v. Monster Bev. Corp.*, 958 F. Supp. 2d 293 (D.D.C. 2013) (Bates, J.) .................... 8, 13

## **Statutes**

28 U.S.C. § 1332(a) ....................................................................................................... 7

28 U.S.C. § 1332(d)(1)(B) .............................................................................................. 16

28 U.S.C. § 1441(a) ....................................................................................................... 6

28 U.S.C. § 1447(c) ....................................................................................................... 19

28 U.S.C. § 1447(d). ...................................................................................................... 16, 19

D.C. Code § 28-3901(a)(15) ......................................................................................... 5, 7

D.C. Code § 28-3905(k). ................................................................................................ 5, 19

D.C. Code § 28-3905(k)(1) ............................................................................................ 15

D.C. Code § 28-3905(k)(1)(D) ...................................................................................... 7, 15

D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.* .................... 5

**INTRODUCTION**

This is a private-attorney-general action filed by a D.C. Code § 28-3901(a)(15) public-interest organization, on behalf of the general public and consumers of the District of Columbia pursuant to D.C. Code § 28-3905(k). Plaintiff, Global Labor Justice-International Labor Rights Forum ("GLJ-ILRF" or "Plaintiff"), a non-profit organization, alleges that Defendant, Bumble Bee Foods LLC. ("Defendant"), deceptively markets its industrial tuna products as produced through a "fair and safe supply chain," despite evidence of forced labor and worker safety violations. (Complaint ("Compl.") Preamble.) The Complaint states one count, for violation of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.* (Compl. ¶¶ 74-79) and seeks only declaratory and injunctive relief to stop the conduct directed at consumers in the District of Columbia (*id.* Prayer for Relief "Prayer").

Despite the lack of any damages or restitution at issue in this case, Defendant has removed on the basis of federal diversity jurisdiction, claiming that the amount in controversy exceeds $75,000.00. Defendant makes this assertion notwithstanding the settled law in this District. Defendant offers no reason to disregard this Court's own rulings on the application of the long-established non-aggregation principle to this case, under which courts of this District hold that the cost of compliance with injunctive relief must be divided pro rata among potential beneficiaries of that relief. Defendant also ignores settled precedent on the use of attorneys' fees to meet the jurisdictional minimum, including this District's holdings applying the non-aggregation principle to attorneys' fees (or alternatively setting attorneys' fees at $0 in cases seeking only injunctive and declaratory relief on behalf of the general public).

Finally, Defendant's attempts to show, in the alternative, that the cost of compliance in this case would exceed $75,000 ***per member*** of the general public of the District, based on an argument that somehow only a handful of consumers have seen its multifarious and prominent misrepresentations, are based on mere (and far-fetched) speculation. (Defendants' Notice of Removal ("Notice") ¶¶ 23-24.) This argument contradicts established precedent that requires the removing party both to go beyond mere speculation and to prove the reasonableness of the estimated cost of compliance.

In short, Defendant's removal of this case lacks any reasonable basis. Defendant's arguments ignore the settled law of this District, which has ***uniformly*** found that similar false-advertising cases—arising under the CPPA and seeking only injunctive and declaratory relief—must be remanded. That holding was just recently reinforced by this Court, which found "no reason to depart from the consensus of courts in this district" regarding the non-aggregation principle. *Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 46 (D.D.C. 2020) (Friedrich, J.). Defendant has moved for removal and has refused to remand despite knowing that its position is unsupported by case law and objectively unreasonable in light of this Court's past rulings. Such blatant delay tactics waste the time and resources of Plaintiff and the Court. Accordingly, Plaintiff respectfully requests that its motion to remand be granted, and because no reasonable basis existed for removal or for opposition of remand, that it receives its costs associated with seeking remand.

## ARGUMENT

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court may be removed to a United States District Court only if the case originally could have been brought in federal court. "Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. District of Columbia*, 813 F. Supp.2d 34, 38 (D.D.C.

2011) (Roberts, J.); *see also Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012) (Urbina, R.) ("Courts must strictly construe removal statutes. The court must resolve any ambiguities concerning the propriety of removal in favor of remand." (citations omitted)); *Hood v. F. Hoffman-La Roche, Ltd.*, 639 F. Supp. 2d 25, 28 (D.D.C. 2009) (Hogan, T.) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F. 3d 278, 281-82 (5th Cir. 2007)). "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal jurisdiction." *Busby*, 841 F. Supp.2d at 53.

## I.    Bumble Bee's Removal Motion Disregards the Settled Law of This District, Which Holds That the Non-Aggregation Principle Applies to CPPA Claims on Behalf of the General Public.

Bumble Bee has removed on the basis of federal diversity jurisdiction. (Notice ¶ 8.) Plaintiff GLJ-ILRF is a D.C. Code § 28-3901(a)(15) public-interest organization and brings this CPPA action on behalf of consumers and the general public pursuant to D.C. Code § 28-3905(k)(1)(D). (Compl. Preamble ¶¶ 10-17.) Plaintiff's Complaint seeks only injunctive and declaratory relief. (*Id.* Prayer.) According to long-standing, uniform precedent in this District, when a CPPA case on behalf of the general public seeks only declaratory and injunctive relief, such as is the case here, the cost of compliance must be calculated on a per-affected-individual basis, according to the non-aggregation principle of *Snyder v. Harris*, 394 U.S. 332, 335 (1969). That is, in order to establish federal diversity jurisdiction, Defendant would need to establish that the $75,000 jurisdictional minimum, *see* 28 U.S.C. § 1332(a), is met for **each** member of the D.C. general public represented in this litigation.[1]

---

[1] Defendant's contention that the "[t]he D.C. Circuit has not yet addressed the issue of 'how the 'non-aggregation' and 'either viewpoint' doctrines interact" (Notice ¶ 17, citing *Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 79 (D.D.C. 2016)) is irrelevant for its purposes. The "either viewpoint" doctrine "allows for consideration of either the value of the plaintiff's requested relief or the defendant's potential costs—in cases where only equitable relief is sought." *Id.* at 77. But the non-aggregation principle applies **under either approach**. *See id.* at 78.

Thus, contrary to Defendant's unsupported contention that the question of how to apportion the cost to defendants in cases such as this is an "open" one (Notice ¶17), courts in this district have **_uniformly_** found that the non-aggregation principle applies. *See, e.g.*, *Earth Island Inst. v. Coca-Cola Co.*, No. 21-cv-1926 (PLF), 2022 U.S. Dist. LEXIS 53414, at *9 (D.D.C. Mar. 24, 2022) (internal citation omitted): "The Court . . . joins the 'chorus of courts' in this district that have uniformly held that in analogous cases 'the cost of the injunction must be divided pro rata among District of Columbia consumers'." This "chorus" includes at least these cases:

- *Earth Island Inst. v. BlueTriton Brands*, No. 21-cv-2659 (JEB), 2022 U.S. Dist. LEXIS 15168, at *8 (D.D.C. Jan. 27, 2022) (internal citation omitted): "Persuaded by the thoughtful opinions penned by its numerous colleagues who have tackled this issue, the Court 'concludes that the appropriate measure of the requested injunctive relief is not the amount that [Defendant] must spend to comply with the injunction, but that amount divided by the number of members of the public on whose behalf Plaintiff brings the action'."

- *Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032, at *4 (D.D.C. Mar. 22, 2021): "[I]n suits brought under D.C. Code § 28-3905(k)(1), like this one, courts in this District have consistently applied the non-aggregation principle to hold that, if a purported amount in controversy is calculated by reference to a defendant's cost of compliance with an injunction, the total cost of compliance must be divided by the number of the injunction's beneficiaries."

- *J.M. Smucker*, 507 F. Supp. 3d at 45 (internal citation omitted): "Courts in this district have consistently held that defendants removing DCCPPA actions 'cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy' requirement of §1332(a)."

- *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232, at *15-16 (D.D.C. Mar. 5, 2020): "[C]onsistent with the decisions of courts in this District, the court finds that for purposes of calculating the amount in controversy, the cost of the injunction to Defendant must be divided pro rata among the members of the general public of the District of Columbia."

- *Hackman v. One Brands, LLC*, No. 18-2101 (CKK), 2019 U.S. Dist. LEXIS 55635, at *18 (D.D.C. Apr. 1, 2019): "Accordingly, the Court follows the vast weight of authority in this Circuit and concludes that the non-aggregation principle should be applied to the cost of Defendant's compliance with an injunction."

- *Institute for Truth in Marketing v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 91 (D.D.C. 2018) (Jackson, J.): "Consistent with persuasive precedents in this district, this Court concludes that the appropriate measure of the requested injunctive relief is not the

amount that Total Health must spend to comply with the injunction, but that amount ***divided by*** the number of members of the public on whose behalf Plaintiff brings the action."

- *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 350 (D.D.C. 2018) (Walton, J.): "[T]he overwhelming weight of authority within [this] District indicates that defendants seeking to remove [CPPA] actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 59 (D.D.C. 2017) (Kollar-Kotelly, J.): "[A]lthough the cost to the defendant is one available measure of the amount in controversy, the Court concludes that it would not be an appropriate measure to apply in this particular case because to do so would not comport with the non-aggregation principle."

- *Smith v. Abbott Laboratories, Inc.*, No. 16-501 (RJL), 2017 U.S. Dist. LEXIS 135478, at *4 (D.D.C. Mar. 31, 2017): "[T]he overwhelming weight of authority within the District indicates that defendants seeking to remove DCCPA actions cannot rely on the total cost of compliance with the plaintiff's requested injunction to establish the amount-in-controversy, as that would violate the non-aggregation principle set forth by the Supreme Court."

- *Breathe DC v. Santa Fe Natural Tobacco Co.*, 232 F. Supp. 3d 163, 171 (D.D.C. 2017) (Huvelle, J.): "The Court must consider whether the total cost of compliance divided among the beneficiaries still meets the amount in controversy."

- *Organic Consumers Ass'n v. Handsome Brook Farm Group 2, LLC*, 222 F. Supp. 3d 74, 78 (D.C.C. 2016) (Cooper, J.): "Consistent with this prior authority, the Court finds that the individual cost to ***each*** plaintiff must exceed $75,000.00 for jurisdiction to exist. Because Handsome Brook has made no attempt to show that the $75,000.00 threshold is met for each plaintiff, it has not established that diversity jurisdiction exists."

- *Witte v. General Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015) (Huvelle, J.): "Defendants' argument—that this Court should consider their total compliance costs in calculating the amount in controversy—would circumvent the non-aggregation principle articulated in *Snyder* and *Zahn* [*v. International Paper Corp.*, 414 U.S. 291 (1973)]."

- *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008) (Bates, J.): "[T]his Court agrees that the cost-to-defendant test is inapplicable to the current diversity action. That result is, moreover, consistent with the general rule that the proper measure of the amount in controversy is from the perspective of the relief sought by the plaintiff."

Defendant likewise contravenes established precedent by arguing that it can use the mere

request for attorneys' fees associated with this action to meet the amount in controversy. (*E.g.*,

Notice ¶¶ 18, 21). Attorneys' fees, for the purposes of this action, are either divided pro rata or else apportioned at $0, and even if they were not, Bumble Bee has provided no evidence beyond mere speculation relating to attorneys' fees. *See Coca-Cola*, 2022 U.S. Dist. LEXIS 53414 at *12 ("[T]he bottom line is that attorneys' fees are still subject to the non-aggregation principle . . . or otherwise apportioned to $0 in actions for injunctive relief under the CPPA.").

**First**, in a private-attorney-general CPPA claim, attorneys' fees, like the cost of injunctive relief, must be considered for jurisdictional purposes on a pro-rata basis, divided amongst the consumers on whose behalf the suit is brought: "Plaintiff argues that considering the total amount of attorneys' fees in a DCCPPA case brought on behalf of the general public would not comport with the non-aggregation principle. [] This position finds considerable support in a number of district court opinions from this Circuit." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 62 (citing *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (Lamberth, J.)); *see, e.g.*, *Exxon Mobil*, 2021 U.S. Dist. LEXIS 53032 at *5 ("Courts in this District have also applied the non-aggregation principle to attorneys' fees."); *see also, e.g.*, *Nat'l Consumers League v. Gen. Mills, Inc.*, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (Kennedy, J.); *Breakman*, 545 F. Supp. 2d at 107. Defendant flatly disregards this overwhelming precedent.

**Second**, in the alternative, when a private attorney general sues for CPPA injunction, without damages, the amount of attorneys' fees for jurisdictional purposes can simply be set at $0:

> Courts in this district generally agree that if attorneys' fees are recoverable by statute, they can be included in the amount-in-controversy calculation but must be apportioned amongst the individual consumers. And only each individual plaintiff's share can be considered as part of the amount in controversy. . . . But when, like here, a plaintiff "is suing under [the private attorney general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0."

*Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d at 78-79 (citations omitted) (quoting *Bimbo Bakeries*, 46 F. Supp. 3d at 73).

**Third**, even if attorneys' fees could be counted toward the jurisdictional minimum, and were allowed to be aggregated, Defendant has provided no evidence suggesting what the attorneys' fees in fact will be, only vague speculative recitals of what attorneys' fees have amounted to in other CPPA cases and what Plaintiff's Lead Counsel billed in 2017. (Notice ¶¶ 18, 21.) *See, e.g.*, *Exxon Mobil*, 2021 U.S. Dist. LEXIS 53032, at *5 n.1 ("Even if the non-aggregation principle did not apply, Exxon Mobil's bald claim that, at lead counsel's $700-an-hour rate, 'the amount in controversy will exceed $75,000 so long as [lead counsel] alone bills just 110 hours to this complex litigation,' is too speculative to meet its burden.") (internal citations omitted); *Animal Legal Def. Fund*, 249 F. Supp. 3d at 63 ("Defendant's showing regarding attorneys' fees is too speculative. Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees."); *Bimbo Bakeries*, 46 F. Supp. 3d at 74 ("Defendant's speculation or conclusory statements as to the amount of attorneys' fees is insufficient to establish a jurisdictional amount."); *Your Girl Friday, LLC v. MGF Holdings, Inc.*, No. 06-0385 (ESH), 2006 U.S. Dist. LEXIS 20665, at *8 (D.D.C. Apr. 18, 2006) ("[D]efendant's conjecture regarding the possible amount of fees is inadequate to support an assertion of diversity jurisdiction in this case[.]"). Defendant has provided no ***evidence*** relating to attorneys' fees in this case, only, as mentioned, a recital of Plaintiff's Lead Counsel's 2017 billable rate and a speculation about the amount of time that he might spend on this action. (Notice ¶ 21.)

Defendant attempts to evade the application of this settled precedent, in terms of both the cost to defendant and attorneys' fees calculation, by arguing that the "common and undivided interest" exception to the non-aggregation principle applies. (Notice ¶ 22.) But this argument also

is devoid of support.[2] In fact, "[*e*]*very judge* in this district to have considered the issue has rejected this exact argument and has found the exception to the non-aggregation rule to be inapplicable to CPPA actions for injunctive relief." *Coca-Cola.*, 2022 U.S. Dist. LEXIS 53414 at *10-11; *see also, e.g.*, *Exxon Mobil Corp.*, 2021 U.S. Dist. LEXIS 53032 at *4-5 ("[W]hatever its applicability in other contexts, no court in this District has ever applied that exception to permit circumvention of the non-aggregation principle in a case brought by a single plaintiff involving the type of claims and relief at issue here."); *Clean Label Project Found. v. Now Health Group, Inc.*, No. 21-11 (JDB), 2021 U.S. Dist. LEXIS 125488, at *11 (D.D.C. July 6, 2021) ("The disaggregation of injunctive costs in DCCPPA actions follows logically from the fact that representative actions for injunctive relief brought under the DCCPPA are not seeking to enforce a 'common and undivided interest' as would exempt them from non-aggregation."). This Court has also explicitly rejected this argument. *See J.M. Smucker Co.*, 507 F. Supp. 3d at 46 ("Toxin Free does not seek any integrated claim for relief—like disgorgement of the defendants' profits—that would hold defendants generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest.").

---

[2] Unsurprisingly, given the unanimous precedent finding that the common and undivided interest exception does ***not*** apply to private attorney-general actions seeking only declaratory and injunctive relief brought under the CPPA, the cases offered by Defendant are readily distinguishable. *See Zuckman v. Monster Bev. Corp.*, 958 F. Supp. 2d 293 (D.D.C. 2013) (Bates, J.) (CPPA case seeking money damages); *Williams v. Purdue Pharma Co.*, Civ. No. 02-0556 (RMC), 2003 WL 24259557 (D.D.C. Feb. 27, 2003)(CPPA case seeking money damages); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 48 F. Supp. 2d 37 (D.D.C. 1999) (Lamberth, J.) (non-CPPA antitrust case); *Nat'l Welfare Rights Org. v. Weinberger*, 377 F. Supp. 861 (D.D.C. 1974) (Pratt, J.) (non-CPPA case challenging welfare regulations). Courts in this District have repeatedly held that CPPA actions seeking money damages are treated differently for the purpose of establishing the amount in controversy. *See, e.g.*, *Reigner v. Ingersoll-Rand Co.*, 461 F. Supp. 2d 1, 2 (D.D.C. 2004) (Robertson, J.) (finding removal was not proper because CPPA action "seeks damages for individual consumers, not disgorgement . . . [and as such], the jurisdictional amount not being satisfied, [] this Court lacks subject matter jurisdiction of this action.").

Thus, despite Defendant's attempts to argue to the contrary, the law in this District is clear. The non-aggregation principle applies, and this case must be remanded to the proper forum, the Superior Court of the District of Columbia.

## II. Even Apart From Contravening Settled Precedent, Defendant's Removal Arguments Are Impermissibly Speculative.

Perhaps recognizing the weakness of its arguments regarding the application of the non-aggregation principle, Defendant next attempts to remove this case based on speculation that very few consumers have actually seen its misleading advertising. (Notice ¶¶ 23-24.) According to Bumble Bee, this means that even if the non-aggregation principle were to be applied in this case (as it should be), the costs of its compliance per consumer would still meet the amount in controversy. *Id*. This argument fails for two reasons: (1) The language and routine application of the CPPA encompasses both consumers who are currently misled and also those who could, in the future, be misled; and (2) Bumble Bee's claims regarding this minimal number of consumers is highly speculative and involves only a handful of the deceptive statements that Plaintiff identified in its Complaint.

*First*, Bumble Bee's contention that "the number of consumers who actually viewed the statements . . . is miniscule" (Notice ¶ 23) disregards the fact that courts throughout this District have interpreted standing under the CPPA broadly to encompass both consumers who have been misled as well as those who may be misled in the future. *See, e.g.*, *Organic Consumers Ass'n v. Smithfield Foods, Inc.*, No. 2020 CA 2566 B (FYP), 2020 D.C. Super. LEXIS 28, at *11 (Dec. 14, 2020) (stating that CPPA confers broad standing on "consumers who have been ***or will be deceived by*** . . . alleged deceptive marketing and advertising" (emphasis added)). This holding is supported by the regular way in which D.C. Code § 28-3905(k)(1)(D) is interpreted as conferring "maximum standing." *See, e.g.*, *Animal Legal Defense Fund v. Hormel Foods Corp.*, 258 A.3d 174, 184

(D.D.C. 2021) (Deahl, J.). Thus, the fact that Defendant alleges that its webpage hosting the 2020 Seafood Future Report "received fewer than a dozen IP addresses traceable to the District of Columbia" over a one-year period (Notice ¶ 23) does not mean that more consumers in the District either have not, or will not, view this website in the future.

*Second*, Bumble Bee's "estimates" are too speculative to establish reasonably the amount in controversy. Defendant makes numerous unsupported claims that, based on only a few data points, "it is likely" only a handful of people have viewed its deceptive advertisements. (Notice ¶ 23.) For example, Bumble Bee argues that it has identified only a dozen people who have viewed ***one*** of the webpages Plaintiff cites in its Complaint. (*Id.*) Tellingly, however, Defendant ignores both the fact that consumers in the District (for example, commuters) may very well have viewed its websites outside of the District, and the fact that Plaintiff cites many other sources that Defendant fails to mention in its questionable calculations. For example, Bumble Bee offers ***no evidence*** to suggest that only a "handful" of consumers viewed its *Impact: Sustainability and Social Impact* website, a site rife with false marketing that Plaintiff cites numerous times in its Complaint. (*E.g.*, Compl. nn. 5, 6, 9, 11.) Bumble Bee's unsubstantiated conjectures regarding the number of consumers who have viewed its advertisements are not enough to meet its burden for establishing the amount in controversy. *See, e.g.*, *Inst. for Truth in Mktg.*, 321 F. Supp. 3d at 89 ("It is well established that a defendant may not rely on sheer speculation to satisfy its burden of showing the amount in controversy. *See Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007)."); *Fahey v. Godiva Chocolatier, Inc.*, No. 19-2128 (JDB), 2020 U.S. Dist. LEXIS 27073, at *10-11 (D.D.C. Feb. 18, 2020) (granting remand where defendant's estimated cost-of-compliance was "speculative and unreasonable").

III. **This District Has Held, Repeatedly, That a Private-Attorney-General CPPA Action Is Not a Class Action For the Purpose of CAFA Jurisdiction.**

This is a private-attorney-general action, not a class action. As such, the Class Action Fairness Act (CAFA) does not apply. Bumble Bee is not the first defendant to attempt to remove a CPPA private-attorney-general action based on CAFA jurisdiction—and *every* prior attempt has been rejected. Most recently, the CAFA argument was rejected by this Court in *J.M. Smucker*, 507 F. Supp. at 44-45. In that case, this Court found that contrary to Bumble Bee's argument, the CPPA "lacks the requisite procedural safeguards to qualify as a state statute sufficiently equivalent to Rule 23 as required by CAFA and as a result, removal is not permitted under CAFA's class action provision for actions brought by a private attorney general under D.C. Code § 28-3905(k)(1) when the action is not brought as a class action under D.C. Superior Court Rule 23." *Id.* (internal citations omitted).

In so finding, this Court followed a long line of District precedent establishing the inapplicability of CAFA jurisdiction to private-attorney-general actions under the CPPA. For example, in *Bimbo Bakeries USA*, 46 F. Supp. 3d 64 , the non-profit plaintiff ("NCL") brought its action "in the Superior Court of the District of Columbia on behalf of the general public under District of Columbia Code § 28-3905(k)(1)(A)-(D) against defendant BBUSA." *Id.* at 68. NCL alleged that Bimbo Bakeries ("BBUSA," the maker of such brands as Sara Lee and Thomas' English Muffins) had misled and deceived D.C. consumers in its marketing of wheat products. Bimbo Bakeries removed the action, arguing CAFA jurisdiction: "[D]efendant BBUSA contends that this case is a 'class action' where the 'amount in controversy exceeds the sum or value of $5,000,000,' and there is minimal diversity: 'any member of the class of plaintiffs is a citizen of a State different from any defendant.' *Id.* § 1332(d)(2)-(A)." *Id.* at 75. Judge Lamberth rejected the argument that a public-interest action under D.C. Code § 3905(k)(1)(D) amounts to a class action for CAFA purposes:

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This frames the question as whether § 28-3905(k)(1)(D) is a "state statute or rule of judicial procedure 'similar' to Rule 23 that authorizes a class action." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014). "A state statute or rule is similar to Federal Rule of Civil Procedure 23 if it closely resembles Rule 23 or is like Rule 23 in substance or in essentials." *Id.* (quoting *West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 174 (4th Cir. 2011)). The "hallmarks of Rule 23 class actions [are] adequacy of representation, numerosity, commonality, typicality, [and] the requirement of class certification;" absent these, private attorney general actions lack "the equivalency to Rule 23 that CAFA demands." *Id.* at 1123 (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 216-17 (2d Cir. 2013)); *see also* Fed. R. Civ. Pro. 23(a).

Here, defendant BBUSA points out that § 28-3905(k)(1)(D)(ii) specifically requires "public interest organizations" to be adequate, however, other important "hallmarks" are absent. Particularly, there is no procedural element for class certification and no notice provision for would-be class members. D.C. Code § 28-3905(k)(1)(D) certainly gives plaintiffs discretion to file class actions under that provision, but that is not what plaintiff NCL chose to do. Because of the conspicuous lack of class certification requirements in the statute, the precedent holding that private attorney general actions are not class actions, and the public policy reasons discussed in footnote 5, *supra*, the Court concludes that this case is not removable as a class action under CAFA.

*Bimbo Bakeries*, 46 F. Supp. 3d at 76-77.[3]

Likewise, in *National Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26 (D.D.C. 2014) (Huvelle, J.), NCL, again acting as a private attorney general, represented the D.C. public. Defendant Flowers Bakeries removed, citing CAFA jurisdiction. NCL "respond[ed] that private attorney general actions are not class actions under the removal

---

[3] The "public policy reasons discussed in footnote 5" referenced by the opinion are as follows:

> In this case, plaintiff NCL could be categorized either as a public interest organization or a non-profit. As such, it potentially has standing under either § 28-3905(k)(1)(C) or § 28-3905(k)(1)(D). Under defendant's theory, in order to gain standing under § 28-3905(k)(1)(C), plaintiff would have to purchase some products to "test or evaluate" them, and only then would its suit not be a class action. Requiring plaintiffs to jump through procedural hoops to manufacture a particular type of standing is not sensible. For this reason and the reasons discussed below, the Court construes § 28-3905(k)(1)(D) solely as ***enabling*** class actions, not requiring them.

*Bimbo Bakeries*, 46 F. Supp. 3d at 76 n.5 (internal citations omitted).

statute as they represent a 'separate and distinct procedural vehicle from a class action'."

*Id.* at 34 (citing NCL's reply brief and *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 101

(D.D.C. 2008) (Bates, J.)). Judge Huvell sided with NCL:

> Absent the "hallmarks of Rule 23 class actions; namely, adequacy of representation, numerosity, commonality, typicality, or the requirement of class certification," courts have held that private attorney general statutes "lack the equivalency to Rule 23 that CAFA demands." *Baumann*, 2014 U.S. App. LEXIS 4777, 2014 WL 983587, at \*4 (quoting *Purdue Pharma,* 704 F.3d at 216-17); *see also W. Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 175-76 (4th Cir. 2011). The same is true of D.C. Code § 28-3905(k)(1)(D).

> The Court therefore sees no reason to depart from the well-reasoned conclusion of Judge Bates in *Breakman* and *Zuckman* that removal is not permitted under CAFA's class action provision for actions brought by a private attorney general under D.C. Code § 28-3905(k)(1) where plaintiff has not brought a "class action" under D.C. Superior Court Rule 23.

*Flowers Bakeries*, 36 F. Supp. 3d at 36.

The *Breakman* and *Zuckman* cases, cited in *Flowers Bakeries*, involved individual

consumers, as opposed to non-profit organizations, acting as private attorney generals under

separate CPPA provisions. In each instance, even with an individual representing fellow District

of Columbia consumers, the court held that CAFA did not apply. *See Zuckman*, 958 F. Supp. 2d

at 305; *Breakman*, 545 F. Supp. 2d at 102. Just last year, Judge Kollar-Kotelly reached the same

conclusion, in *Hackman*, 2019 U.S. Dist. LEXIS 55635 (D.D.C. Apr. 1, 2019). The *Hackman*

plaintiff, an individual consumer representing the general public, sued the producer of "One Bars"

for allegedly misleading marketing regarding the bars' sugar content. One Brands removed, citing

CAFA jurisdiction, and Judge Kollar-Kotelly remanded, agreeing with the *Flowers Bakeries*

decision:

> [T]he Court in *National Consumers League* concluded that removal is not permitted under CAFA for a suit brought under § 28-3905(k)(1)(D) of the DCCPPA. 36 F. Supp. 3d at 36. That provision of the DCCPPA is analogous to the provision under which Plaintiff makes her claim, except for the former applies to

public interest organizations and the latter applies to individuals. *Compare* D.C. Code § 28-3905(k)(1)(D) *with* D.C. Code § 28-3905(k)(1)(B). The *National Consumers League* court explained that the plaintiff had brought a case under the DCCPPA and had not brought a "class action" under D.C. Superior Court Rule 23. As such, removal of the case as a class action under CAFA was not permissible.

*Hackman*, 2019 U.S. Dist. LEXIS 55635, at *8. The court then went on to distinguish *Rotunda v. Mariott Int'l, Inc.*, 123 A.3d 980 (D.C. 2015), a case on which Bumble Bee relies. (Notice ¶ 30.) *Rotunda*, the court noted, is a decision about ***damages*** sought for consumers, as opposed to injunctive or declaratory relief:

> In *Rotunda*, the court held that procedural fairness concerns required that a plaintiff bringing suit for damages on behalf of the general public under the DCCPPA must follow the procedural protections of Rule 23, even though the plaintiff had "expressly disclaimed any intention to seek class certification" under Rule 23. 123 A.3d at 982. Relying on *Rotunda*, Defendant contends that this Court must treat Plaintiff's DCCPPA suit as a class action subject to removal under CAFA.

> The Court concludes that Defendant assigns to *Rotunda* a weight that the case cannot bear. In *Rotunda*, the court determined that a DCCPPA claim for money damages brought by an individual on behalf of members of the general public is essentially a class action. 123 A.3d at 985-90. This decision was based on fears that, without Rule 23 protections, claims for money damages on behalf of the general public under the DCCPPA could preclude the rights of members of the public who might later want to assert their own damages claims. *Id.* at 985-86. . . . Here, Plaintiff seeks only injunctive relief on behalf of members of the general public.

*Hackman*, 2019 U.S. Dist. LEXIS 55635, at **8-10; *see also, e.g.*, *Smith*, 2017 U.S. Dist. LEXIS 135478, at **4-5 (limiting *Rotunda* "solely to suits for money damages"); *Margolis v. U-Haul Int'l, Inc.*, No. 2007 CA 005245 B (JB), 2009 D.C. Super. LEXIS 8, at *25 (Dec. 17, 2009) (holding that "Rule 23 of the Superior Court Rules of Civil Procedure is applicable to claims for money damages brought under the CPPA on behalf of third parties"). GLJ-ILRF, like the *Hackman* plaintiff, seeks no damages, only an end to Bumble Bee's misleading marketing.

Further, Bumble Bee wrongly asserts that *Rotunda* has left the effects of the 2012 CPPA amendments, which added language to section 28-3905(k)(1)(D) permitting public interest

organizations to sue on behalf of a class of consumers, as "open" question. (Notice n. 9.) As recently as April 23, 2021, the D.C. Circuit ***declined*** to hear any appeal of this principle. In *In re ExxonMobil Corp.*, the petitioner sought review as an add-on to its argument about CAFA jurisdiction[4], arguing, like Bumble Bee has, that "[t]he question of how to calculate the amount in controversy in cases seeking injunctive relief under Section 28-3905(k)(1) is also an open, important, and recurring question in this circuit." Reply Brief for Petitioner at 8, *In re Exxon Mobil Corp.*, No. 21-800, Doc. No. 1895162 (D.C. Cir. Apr. 19, 2021). Instead of finding this to be an "open" question, the Circuit Court denied review of either point. *In re Exxon Mobil Corp.*, No. 21-8001, 2021 U.S. App. LEXIS 12320, at *1-2 (D.C. Cir. Apr. 23, 2021).

Like Bumble Bee's non-aggregation and small number of consumers arguments, its CAFA jurisdiction argument is also unsupported by evidence or the weight of authority. Plaintiff respectfully requests that this Court follow the clear precedent of this District and remand this case back to its proper forum, District of Columbia Superior Court.

## IV.  Plaintiff Is Entitled to Fees and Costs Associated With This Remand.

Plaintiff, GLJ-ILRF, requests to recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to District of Columbia Superior Court, on the basis that Defendant lacked an objectively reasonable basis for removal.  *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Stein v. American Express Travel Related Servs.*, 813 F. Supp. 2d 69, 74 (D.D.C. 2011) (Kessler, J.). Plaintiff is a D.C. Code § 28-3901(a)(15) public-interest organization seeking no monetary gain with this action, only an end to

---

[4] The argument was brought as a discretionary review point, because Section 1447(d), United States Code 28, precludes review of a remand decision premised solely on lack of diversity jurisdiction. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title [28 USCS § 1442 or 1443] shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d).

misleading conduct directed at D.C. consumers. Defendant has removed a straightforward consumer-deception claim from Plaintiff's chosen forum, D.C. Superior Court, which has the most experience handling CPPA actions. Defendant's unfounded removal has (1) forced expense upon Plaintiff, and (2) delayed an action that aims to end ongoing conduct.

As demonstrated *supra*, Sections I-III, Defendant's arguments for removal lack any reasonable basis or applicable precedent. The uniform authority in private-attorney-general actions under the CPPA demonstrates that the non-aggregation principle applies in calculating the costs to defendant and attorneys' fees, and that such actions are definitively ***not*** class actions for the purpose of CAFA jurisdiction. Bumble Bee's lack of any reasonable basis for removal is also belied by the internal incoherence of its arguments. For example, Defendant argues that even if the non-aggregation principle does apply to this action (as it must under the uniform precedent of this District), it would still be able to meet the amount in controversy required for diversity jurisdiction because "the number of consumers who actually viewed the statements at issue . . . is miniscule" (Notice ¶ 23). And yet, only a few paragraphs later Bumble Bee tries to evade the jurisdiction of D.C. Superior Court by arguing that the Class Action Fairness Act should apply because "at least 100 class members are represented." (Notice ¶¶ 27, 32.) Bumble Bee is conjuring conflicting arguments only for the sake of delaying the merits of this case from being heard.

Because there was no objectively reasonable basis for removal of this private-attorney-general action, Plaintiff requests recovery of its costs associated with seeking remand of its CPPA claim to the Superior Court, according to the precedent of this District. *See e.g.*, *Burton v. Coburn*, No. 04-965 (RBW), 2005 U.S. Dist. LEXIS 4243, at *6-7 (D.D.C. Mar. 16, 2005) ("Here, the defendant's arguments for removal—that complete diversity exists—defies firmly established principles of law. . . . It is difficult for this Court to fathom that the defendants could have in good

faith misconstrued the law in this area."); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) (Urbina, J.) ("Courts uniformly have held that a relevant factor for imposing costs and expenses is whether the removing party contradicts well-settled law in attempting to remove the case to federal court. Indeed, if non-removability is obvious or contrary to well-settled law, courts regularly impose costs and expenses incurred as a result of the removal.").

Removing CPPA cases of this kind, despite the certainty of the cases being remanded, has become a favorite delay tactic of defendants, such as Bumble Bee. Until consequences for this misuse of the judicial process are imposed, defendants will continue to burden parties and the Court with unnecessary motion practice on settled issues. As such, this non-profit Plaintiff respectfully requests that this Court allow recoupment of the costs it has expended on this unnecessary and dilatory motion practice.

## CONCLUSION

For all the foregoing reasons, Plaintiff requests an order remanding this action to the Superior Court of the District of Columbia and awarding its costs and expenses associated with seeking remand.

DATED: June 8, 2022                                  Respectfully submitted,

                                                      **RICHMAN LAW & POLICY**

                                                      */s/ Kim E. Richman*
                                                      Kim E. Richman
                                                      1 Bridge Street, Suite 83
                                                      Irvington, NY 10533
                                                      Telephone: (914) 693-2018
                                                      krichman@richmanlawpolicy.com

                                                      *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, Kim E. Richman, hereby certify that on June 8, 2022, I caused a true and correct copy of

the foregoing document to be served on counsel of record for Defendant in the above-captioned

Action via ECF:

Justin A. Anderson
Jake Struebing
**PAUL WEISS RIFKIND WHARTON & GARRISON LLP**
janderson@paulweiss.com
jstruebing@paulweiss.com

*Attorneys for Defendant*

*/s/ Kim E. Richman*
Kim E. Richman
