UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL LABOR RIGHTS FORUM d/b/a GLOBAL LABOR JUSTICE-INTERNATIONAL LABOR RIGHTS FORUM,<br><br>*Plaintiff*,<br><br>v.<br><br>BUMBLE BEE FOODS, LLC,<br><br>*Defendant.* | No. 22-cv-01220 (DLF) |

## ORDER

In this action, plaintiff Global Labor Justice-International Labor Rights Forum brings suit under the District of Columbia's Consumer Protection Procedures Act (CPPA) against Bumble Bee Foods, LLC.  Compl. ¶¶ 74–79, Dkt. 1.  It brings its claims as a "public-interest organization . . . on behalf of the general public and District consumers," pursuant to D.C. Code § 28-3905(k)(1)(D)(i).  *Id.* ¶ 75.  Global Labor alleges that Bumble Bee has violated the CPPA because it misleadingly advertises that it has a "best-in-class culture of safety" and "fair and responsible working conditions."  *Id.* ¶ 79.  It seeks only injunctive and declaratory relief, not damages.  *Id.* at 19.  Bumble Bee removed the case from the Superior Court of the District of Columbia to this Court.  Before the Court is Global Labor's Motion to Remand and for Fees and Costs, Dkt. 11.  For the reasons that follow, the Court will grant the motion to remand but will decline to award fees and costs.

Bumble Bee has failed to show that this Court has jurisdiction over this civil action.  "When the plaintiff makes a motion to remand, the defendant bears the burden of proving federal

jurisdiction." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012). Bumble Bee has not established that diversity jurisdiction exists because it has not shown that the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

As every court in this District to consider the issue has held, in CPPA actions like this one "the cost of the injunction [to the defendant] must be divided pro rata among District of Columbia consumers." *Rasay v. Pepperidge Farm, Inc.*, No. 22-cv-449, 2022 WL 4300061, at *7 (D.D.C. Sept. 19, 2022) (quoting *Earth Island Inst. v. BlueTriton Brands*, 583 F. Supp. 3d 105, 109 (D.D.C. 2022) (collecting cases)). As this Court has previously explained, "allowing defendants to rely on the total cost of compliance would violate the nonaggregation principle." *Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 46 (D.D.C. 2020). The "common and undivided interest" exception to the nonaggregation principle, *see* Def.'s Opp. at 10, Dkt. 13, does not apply here because Global Labor "does not seek any integrated claim for relief . . . that would hold [Bumble Bee] generally liable for a fixed amount in which the members of the general public in Washington, D.C. would have a common and undivided interest." *J.M. Smucker*, 507 F. Supp. 3d at 46; *see also BlueTriton*, 583 F. Supp. 3d at 111. Thus, the nonaggregation principle applies, and the cost of compliance must be divided among D.C. consumers for purposes of the amount-in-controversy requirement.

Here, Bumble Bee has not established that, if divided among D.C. consumers, the cost of complying with Global Labor's requested injunctive relief would exceed $75,000. It asserts that the cost per consumer would be $94,820 because the total cost of the requested relief would be $1,611,900. Def.'s Opp. at 15. Relying on two declarations, it contends that at the time of removal only 17 D.C. consumers had viewed its allegedly deceptive advertising. *Id*. One of these declarations estimates the number of D.C. IP addresses that accessed its Sustainability and Social

Impact website when it hosted the 2020 Seafood Future Report, Wilson Decl. at 3–4, Dkt. 13-1, and the other estimates the number of D.C.-based Instagram followers who viewed a post about "World's Ocean Day," Shepherd Decl. at 2–3, Dkt. 13-2.

But, even assuming that only consumers who actually viewed the allegedly deceptive advertising count as consumers for amount-in-controversy purposes, Def.'s Opp. at 11–12, 16, these declarations are not sufficient to establish that the costs of compliance should be divided among 17 consumers. Neither declaration accounts for consumers who may have accessed the *other* allegedly deceptive advertising identified in the complaint, including text on the Sustainability and Social Impact website that was not associated with the 2020 Seafood Future Report. *See* Compl. ¶¶ 6, 20, 21–22, 25–27. Moreover, both declarations are speculative. *See* Wilson Decl. at 3 (estimating number of IP addresses, not consumers, traceable to D.C.); Shepherd Decl. at 2 (extrapolating number of viewers in D.C. based on number of followers in D.C.). "It is well-established that courts may not rely on a defendant's speculative claims that the amount-in-controversy claim is met." *Clean Label Project Found. v. Now Health Grp., Inc.*, No. 21-cv-11, 2021 WL 2809106, at *5 (D.D.C. July 6, 2021); *see also Inst. for Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 89 (D.D.C. 2018) ("It is well established that a defendant may not rely on sheer speculation to . . . show[] the amount in controversy."). Here, this is especially so because, by Bumble Bee's own calculation, identifying just five more D.C. consumers would reduce the cost per consumer below $75,000. In sum, given the limited scope and speculative nature of its declarations, Bumble Bee has not made a sufficient showing that the cost per consumer would exceed $75,000.

Nor has Bumble Bee made any showing "that the pro rata amount of attorneys' fees that would be attributable to [Global Labor] as a member of the general public would exceed $75,000."

*BlueTriton*, 583 F. Supp. 3d at 112.  The same nonaggregation principle applies to attorneys' fees in CPPA cases brought on behalf of the general public.  *See Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 62 (D.D.C. 2017) (listing cases).  And even if the nonaggregation principle does not apply, Bumble Bee would not satisfy the amount-in-controversy requirement because its attorneys' fees showings are too speculative.  "Numerous courts have rejected similar attempts to create federal jurisdiction through speculative assertions as to the potential for an award of attorneys' fees."  *Id.* at 62–63; *see also Beyond Pesticides v. Exxon Mobil Corp.*, No. 20-cv-1815, 2021 WL 1092167, at *2 n.1 (D.D.C. Mar. 22, 2021).  Simply listing previous fee awards and billing rates from 2017 for the plaintiff's counsel is not enough to establish the amount in controversy.  *See* Def.'s Opp. at 13–15.

Bumble Bee also has not established that the Class Action Fairness Act (CAFA) provides an alternative basis for diversity jurisdiction.  *See id.* at 17–23.  CAFA gives federal courts jurisdiction over certain actions "filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  A CPPA action seeking only declaratory and injunctive relief is not such an action.  As this Court previously explained, and consistent with the uniform decisions of other courts in this District, CAFA does not confer federal jurisdiction here because Global Labor "did not bring this case as a class action under Rule 23."  *J.M. Smucker*, 507 F. Supp. 3d at 45; *see also Clean Label Project Found v. Abbott Lab'ys, Inc.*, No. 21-cv-3247, 2022 WL 1658813, at *7–*9 (D.D.C. May 25, 2022) (collecting cases).  Indeed, it explicitly disclaimed any intent to bring these cases as class actions.  Compl. ¶ 16.  Further, "[Bumble Bee] ha[s] not shown that D.C. law requires treating" this case as governed by Rule 23.  *J.M. Smucker*, 507 F. Supp. 3d at 45.  The D.C. Court of Appeals did not hold otherwise in *Rotunda v. Marriott*

4

*Int'l, Inc.*, 123 A.3d 980 (D.C. 2015). *See* Def.'s Opp. at 21–22. That case "held that a plaintiff bringing a representative suit *for damages* under the []CPPA must comply with Rule 23's requirements," but its reasoning did not extend to CPPA cases seeking only declaratory and injunctive relief. *J.M. Smucker*, 507 F. Supp. 3d at 45 (emphasis added); *see also Rotunda*, 123 A.3d at 989; *Abbott Lab'ys*, 2022 WL 1658813, at *7–*9 (following the "well-trod" "consensus of judges on this Court" who have, "after *Rotunda*, . . . declined to view CPPA representative suits not seeking money damages as within the aegis of CAFA").

Finally, the Court will not grant Global Labor costs associated with removal and remand. *See* Pl.'s Mot. at 15–17, Dkt. 11-1. "Absent unusual circumstances," such an award may be made "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The defendant['s] arguments regarding removability are not objectively unreasonable because there is no clear, controlling case law from the D.C. Circuit." *Toxin Free*, 507 F. Supp. 3d at 47 (citation and internal quotation marks omitted); *see also Earth Island Inst. v. Coca-Cola Co.*, No. 21-cv-1926, 2022 WL 872605, at *6 (D.D.C. Mar. 24, 2022). An award of fees to Global Labor is therefore not warranted.

Accordingly, it is

**ORDERED** that Global Labor's Motion to Remand and for Fees and Costs, Dkt. 11, is **GRANTED IN PART and DENIED IN PART**. The Clerk of Court is directed to remand this case to the Superior Court of the District of Columbia.

*[signature]*

———————————————
DABNEY L. FRIEDRICH
United States District Judge

November 15, 2022